Filed 11/18/21  P. v. Taylor CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br>　　　Plaintiff and Respondent,<br>v.<br><br>MATTHEW ANTHONY TAYLOR,<br>　　　Defendant and Appellant. | A162481<br><br>(Del Norte County Super.<br> Ct. Nos. CRF 19-9229, CRF<br> 20-9325 ) |

Defendant Matthew Anthony Taylor's appellate counsel requests this court independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) regarding his appeals from two cases that were resolved by negotiated dispositions.  These appeals are based solely upon events occurring after Taylor's entry of his pleas and do not question the validity of the pleas.  Taylor's counsel informed him of his right to file a supplemental brief, and he has not filed one.  Upon our independent review of the record under *Wende,* we conclude there are no arguable appellate issues requiring further briefing and affirm.

1

## BACKGROUND

Taylor appeals from two different criminal cases filed in Del Norte County. They are case Nos. CRF 19-9229 and CRF 20-9325.

In case No. CRF 19-9229, the Del Norte County District Attorney filed a complaint in May 2019 against Taylor charging him with one count of felony vandalism causing damage in excess of $400 (Pen. Code, § 594, subd. (a)[1]).

After proceedings regarding Taylor's competency to stand trial, the parties reached a negotiated disposition of the case. Taylor agreed to plead guilty to felony vandalism with the understanding that he was to receive a grant of formal probation and his release at sentencing based on his credits for time already served. The parties agreed there was a factual basis for the plea that indicated Taylor had broken building windows after being told to leave an area casino, causing damage of $967.43. The court accepted his plea, found it had a factual basis and found Taylor guilty of vandalism.

At sentencing in December 2019, the court suspended imposition of sentence, placed Taylor on probation for three years subject to certain conditions, awarded him 412 days of custody credits, ordered him to pay $967.43 in restitution and, because of Taylor's lack of income, ordered him to pay most of his fines via community service.

In February 2020, Taylor admitted to a probation violation. The court sentenced Taylor to 60 days in county jail, with custody credits, and reinstated probation.

The probation department filed petitions for revocation of probation based on probation violations from April through July 2020, and in August 2020 the district attorney filed a new felony matter against Taylor in

---

[1] All statutory citations are to the Penal Code unless otherwise stated.

case No. CRF 20-9325. The court ordered that the petitions would trail the new felony matter.

In this second case, No. CRF 20-9325, the district attorney charged Taylor in a September 2020 information with two counts of felony second-degree commercial burglary (§ 459), one count of felony receiving stolen property (§ 496, subd. (a)), one count of misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and one count of misdemeanor possession of a smoke device (*id.*, § 11364) regarding incidents occurring in August 2020.

At a hearing in November 2020, Taylor pleaded guilty to, and was found guilty of, two counts of felony second degree burglary. According to the plea agreement, his sentence would not exceed three years and would run concurrently with his probation violations in case No. CRF 19-9229. He also admitted to, and was found to have committed, the violations of the probation conditions alleged in case No. CRF 19-9229.

On his plea declaration form, Taylor executed a waiver of his rights under *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), stating, "I understand if I fail to appear at the time of sentencing that the above plea(s) of guilty will remain in effect, but the Court will not be bound by any sentence bargain." At the November 2020 hearing, his counsel requested that he be released until sentencing with a *Cruz* waiver, although he acknowledged that this release was not a part of the plea deal. The prosecutor opposed the request and the court denied it "at this time," in part because Taylor had failed to appear in court about a dozen times before. The record does not indicate when, but sometime later Taylor was released from custody, and on November 14, 2020, executed an agreement to appear at his sentencing hearing.

3

Taylor failed to appear at his December 2020 sentencing hearing. At a subsequent hearing in January 2021, for which Taylor was present, the court, without objection by the parties, indicated that Taylor had failed to appear at the December 2020 sentencing hearing on a *Cruz* waiver. The prosecutor indicated Taylor had been taken into custody when he was arrested for committing new crimes.

In case No. CRF 19-9229, the probation department filed fifth and sixth petitions for revocation of probation in November 2020 and January 2021 respectively. In February 2021, the court held a contested hearing regarding these petitions. According to testimony, on January 19, 2021, Crescent City police responded to a report of shoplifting at a drugstore. Two police officers detained Taylor on the street because he matched the description of the suspect given. Asked to turn over what he took from the drugstore, Taylor took out some sealed, apparently brand new cell phone manuals from his jacket pocket. The police arrested him and removed from his pocket a cell phone, charging cable and some other items, which also appeared brand new. Also, later a small bindle of a substance that tested presumptively positive for methamphetamine was found in Taylor's packet of gum.

As he was being handcuffed, Taylor wrapped his legs around the officer's leg and they fell to the ground. He resisted the officers' efforts to restrain him, causing minor injuries to both officers.

The police interviewed an employee of the drugstore, who said she had witnessed a man matching Taylor's description take things from the store without paying for them despite efforts to stop him, and police observed store surveillance footage consistent with her account, which footage the prosecution was unable for technical reasons to play for the court. The

4

recovered items were scanned by drugstore staff and valued at $140.04, including tax.

Also at the hearing, a probation officer testified that Taylor failed to contact probation within one business day of his release from custody on November 14, 2020.

The court found Taylor had violated his probation by failing to check in with the probation department, shoplifting, misdemeanor resisting an executive officer and possessing a controlled substance.

At a subsequent sentencing hearing for both cases in February 2021, with Taylor present and in custody, the court, in case No. CRF 20-9325, imposed a county jail sentence of three years and eight months, consisting of the upper term of three years for one burglary count and a consecutive term of eight months (which was one-third the middle term) for the other burglary count; the court concluded it was not bound by the three-year limit that was a part of the negotiated disposition because Taylor had failed to appear for his initial sentencing hearing and had waived his rights under *Cruz.* The court also awarded Taylor 232 days of custody and conduct credits. In case No. CRF 19-9229, the court revoked Taylor's probation and imposed an upper term of three years for his vandalism conviction, to be served concurrently with the sentence in case No. CRF 20-9325, and awarded Taylor 708 days of custody and conduct credits.

The court, finding that Taylor lacked any income, ordered that his fines be stayed and found that he had no ability to pay for public defender fees or the probation department report. The trial court ordered Taylor to pay a city booking fee, but Taylor's appellate counsel has represented to this court that the trial court later granted Taylor's request that the court vacate the fee in

5

light of the recently enacted Government Code section 6111, which instructed that such fees are unenforceable and should be vacated.[2]

In May 2021, this court, upon Taylor's motion, ordered that his notices of appeal in his two cases be deemed timely filed as of February 11, 2021.

## DISCUSSION

We have independently reviewed the record under *Wende* and conclude there are no arguable appellate issues regarding the judgments appealed from that require further briefing.

In particular, the trial court's imposition of a sentence in case No. CRF 20-9325 that was greater than that agreed to by the parties was allowable under law. In *Cruz, supra*, 44 Cal.3d 1247, our Supreme Court held that in the absence of a waiver, a trial court could not decline to follow a sentencing agreement if a defendant fails to appear at the sentencing hearing without allowing the defendant to withdraw his or her plea. However, "if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term" provided that the waiver was knowing and intelligent and "obtained at the time of the trial court's initial acceptance of the plea." (*Id.* at p. 1254, fn. 5.) Such was the case here.

We also find no issues with the court's sentencing rulings related in CRF 19-9229, or any of its other sentencing rulings.

## DISPOSITION

The judgments appealed from are affirmed.

---

[2] Taylor's counsel has attached a copy of an uncertified trial court minute order containing this order to vacate the fee, which apparently was issued by the court after Taylor filed his notices of appeal.

_____

STEWART, J.

We concur.

_____

KLINE, P.J.

_____

MILLER, J.

*People v. Taylor* (A162481)

7